UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LUIS GARZA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-335 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Luis Garza (TDCJ No. 02121650), is a state prisoner incarcerated at the Wynne Unit in Huntsville, TX. (D.E. 1 and D.E. 27). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his February 27, 2017 Nueces County manslaughter conviction. (D.E. 1). Pending is Respondent's Motion for Summary Judgment and Petitioner's Motion containing his Response. (D.E. 22 and D.E. 26). For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 22), Petitioner's Motion be **DENIED** (D.E. 26) and this action be **DISMISSED** as time barred. It is further recommended that a Certificate of Appealability be **DENIED**.

### I.     JURISDICTION

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*,

235 F.3d 959 (5th Cir. 2000). Petitioner was convicted in the 148th District Court of Nueces County, Texas. Therefore, this matter is properly before this Court. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On February 27, 2017, Petitioner pleaded guilty to manslaughter pursuant to a plea agreement in exchange for a 14-year sentence of incarceration. (D.E. 21-7, Pages 41-42 and 51). Petitioner did not file a direct appeal. (D.E. 1, Page 3 and D.E. 22, Page 2). On January 31, 2018, Petitioner filed a state habeas petition which was denied without written order on the findings of a trial court without a hearing on April 4, 2018. (D.E. 21-1; D.E. 21-7, Page 20). Two weeks later, on April 19, 2018, Petitioner filed a Motion for Rehearing which was dismissed on May 2, 2018. (D.E. 21-4). Petitioner again requested reconsideration on May 14, 2018 which was dismissed May 17, 2018. (D.E. 21-5). Petitioner then filed this federal habeas action approximately five months later on October 5, 2018. (D.E. 1, Page 10).

## III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review. 28 U.S.C. § 2244(d)(2). Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a direct appeal and therefore, his conviction became final when the time for filing a direct appeal expired on March 29, 2017. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 26.1 (Notice of Appeal must be filed within 30 days after judgment). As such, Petitioner had one year, until March 29, 2018, to timely file a federal application for habeas corpus relief. However, Petitioner's state habeas application tolled this period from January 31, 2018 to April 4, 2018 and his first Motion for Reconsideration, filed on April 19, 2018, further tolled this period until May 2, 2018.[1] Therefore, Petitioner's deadline to file a federal habeas petition expired on June

---

[1] Respondent does not mention or include Petitioner's two motions for rehearing in the pending Motion for Summary Judgment. (D.E. 22, Pages 3 and 5). Texas law provides that "[a] motion for rehearing an order that denied habeas corpus relief ... may not be filed." Tex. R. App. P. 79.2(d). However, the Court of Criminal Appeals has entertained such motions on its own initiative. *Emerson v. Johnson*, 243 F.3d 931, 934 (5th Cir. 2001). Therefore, the Fifth Circuit has held a properly filed motion for reconsideration or rehearing in a state habeas case tolls the running of the federal limitations period "as long as the Texas courts take to resolve the motion." *Lookingbill v. Cockrell*, 293 F.3d 256, 261-62 (5th Cir. 2002); *Emerson v. Johnson*, 243 F.3d 934, 935 (5th Cir. 2001). A motion for rehearing is considered timely if it is filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order. Tex. R. App. P. 79.1. Therefore, the undersigned recommends Petitioner's first motion for

28, 2018. However, Petitioner failed to file the pending federal habeas petition until October 5, 2018, over three months too late. 28 U.S.C. §2244(d); *Lookingbill*, 293 F.3d at 264-65 ("AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible, [therefore] [w]e consistently have denied tolling even where the petition is only a few days late.")

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of

---

rehearing further tolled the limitations period. A second motion for rehearing is prohibited by Texas Rule of Appellate Procedure 79.5, and therefore, Petitioner's second motion for rehearing does not toll the limitations period. *Seibel v. Davis*, No. 4:15-CV-903-A, 2016 WL 7174658, at *3 (N.D. Tex. Dec. 6, 2016). It was also not properly filed as it was filed over a month after the decision on his state habeas petition. *Id.*

representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner asserts he was actively misled by his attorney about his right to appeal and as a result, he should not be procedurally barred from filing this federal action. However, Petitioner has provided no sufficient evidence that his counsel actively misled him or otherwise kept him from pursuing an appeal other than his own conclusory allegations. *Holland*, 560 U.S. at 652-53 (Equitable tolling applies where a petitioner is actively misled by his attorney; attorney negligence does not suffice). Additionally, ignorance of the law, lack of representation, or his incarceration do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *Turner*, 177 F.3d at 393; *Griffin v. Dretke*, No. Civ. A. H-05-1959, 2005 WL 2850255, at *2 (S.D. Tex. Oct. 31, 2005) (citations omitted). Further, Petitioner did not diligently pursue his rights, failing to provide any sufficient evidence as to why he waited approximately ten months after his conviction became final to file his state habeas petition and more than five months after his state habeas petition and motion for rehearing was denied to file the pending federal action. *Palacios*, 723 F.3d at 606 ("[S]tate prisoners who were aware that their state post-conviction proceedings were no longer pending and waited to file federal habeas petitions between four and six months after the AEDPA limitation period began to run did not exercise reasonable diligence.") (citations omitted).

In short, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner did not diligently pursue his rights, delaying over three months past the deadline to pursue his federal habeas remedy.

Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

Petitioner also asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period. (D.E. 26, Page 2). However, it is respectfully recommended Petitioner fails to meet the actual innocence standard. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000) (other citations omitted). However, the Supreme Court has held a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any evidence in his petition or response showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his

claim. Further, Petitioner admitted his guilt as part of his guilty plea as well as in the plea agreement, where he affirmed it was in his best interest to plead guilty because he was guilty. (D.E. 21-7, Page 51). Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

## IV.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the

Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V.     RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 22), Petitioner's Motion be **DENIED** (D.E. 26) and this action be **DISMISSED** as time barred. It is further recommended that a Certificate of Appealability be **DENIED**.

Respectfully submitted this 13th day of March 2019.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).