UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUIS GARZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-335 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is *pro se* Petitioner Luis Garza's Motion for Certificate of Appealability. (D.E. 38). Petitioner filed a Petition for Writ of Habeas Corpus on October 5, 2018 alleging ineffective assistance of counsel and the violation of his right to due process and a fair trial. (D.E. 1). On March 13, 2019, the undersigned entered a Memorandum and Recommendation ("M & R") recommending Petitioner's case be dismissed as time barred and a certificate of appealability be denied. (D.E. 28). The Court, after considering Petitioner's objections, entered an Order adopting the M & R and a final judgment on June 5, 2019. (D.E. 33, D.E. 34 and D.E. 35). Petitioner filed a Notice of Appeal and the pending Motion for Certificate of Appealability on July 1, 2019. (D.E. 36 and D.E. 38). For the reasons stated below, the undersigned recommends Petitioner's Motion for Certificate of Appealability be **DENIED**.

In his motion, Petitioner again raises two arguments previously considered by this Court. Acknowledging his claim is time barred, he again asserts a claim of actual innocence. As previously addressed in the M & R adopted by the Court, Petitioner fails to

provide sufficient newly discovered evidence in support of this claim. (D.E. 28, Pages 6-7). Further, he admitted his guilt as part of his guilty plea, affirming it was in his best interest to plead guilty to the offense because he was guilty. (D.E. 21-7, Page 51). Therefore, the undersigned again recommends Petitioner continues to fail to meet the actual innocence standard.

Petitioner next reasserts his argument that his counsel was ineffective. The Court has previously considered Petitioner's ineffective assistance of counsel claims and found them to be without merit. As stated in the M & R, Petitioner has provided no sufficient evidence that his counsel actively misled him or kept him from pursuing an appeal other than his own conclusory allegations. (D.E. 28, Page 5).

The undersigned made a recommendation to deny Petitioner's § 2254 petition and a Certificate of Appealability which was adopted by the District Judge after a *de novo* review. (D.E. 28 and D.E. 34). Petitioner still has not made a substantial showing of the denial of a constitutional right so as to entitle him to a certificate of appealability. 28 U.S.C. § 2253(c)(2). Because Petitioner's Motion for Certificate of Appealability has previously been denied by the Order adopting the M & R and because Petitioner raises no new issues which change the Court's decision, the undersigned recommends the Motion be **DENIED**.

Respectfully submitted this 29th day of July, 2019.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).